FISHER, Circuit Judge,
dissenting.
I write separately to express disagreement with my colleagues’ conclusion that Exclusion 1(f) is not ambiguous. I agree the majority applied the correct Pennsylvania law governing contract interpretation, but its holding is incorrect. I believe Exclusion 1(f) is ambiguous, as it is subject to two reasonable interpretations. Further, the majority’s analysis of the relevant case law, while thorough, relies on cases where the underlying negligence claim is for negligent entrustment. As the underlying cause of action in the instant case is for negligent supervision, and not for negligent entrustment, I do not agree with the conclusions drawn from those eases. Therefore, I would affirm the District Court’s finding that Exclusion 1(f) is ambiguous and that the ambiguity should be construed in favor of the insured, thereby requiring coverage.
The question of an ambiguity “is not a question to be resolved in a vacuum. Rather, contractual terms are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts.” Madison Constr. Co. v. Harleysville Mut. Ins. Co., 557 Pa. 595, 735 A.2d 100, 106 (1999). The exclusion in question here has two equally reasonable meanings.
First, the exclusion can reasonably be read to exclude liability for any injury caused as a result of the use of a motor vehicle. ■ This interpretation allows for anyone, not only the insured, to be operating the vehicle in order for the exclusion to apply. Second, it is reasonable to interpret the clause as requiring that the “insured,” in this case Paul, be the one using the motor vehicle, either through ownership or actual physical use. Under this reading, the insured would have to have some type of connection to the motor vehicle at issue.
The ability to read Exclusion 1(f) in two different, yet equally reasonable, ways leads me to the conclusion that the clause is indeed ambiguous. While we are bound to interpret a policy to avoid ambiguities, not to find them, neither interpretation of the policy language violates this principle. City of Erie v. Guaranty Nat’l Ins. Co., 109 F.3d 156, 162-64 (3d Cir.1997). Rather, each has equal merit and comes directly from the text of the exclusion.
In brushing aside Sams’ assertion that Exclusion 1(f) does not apply because his negligence claims against Paul do not involve a motor vehicle, the majority relies on eases applying the doctrine of negligent entrustment. Sams’ complaint does not seek to hold Paul liable for negligent en-trustment, but for (1) placing the tire in his father’s truck, and (2) requesting his father to transport the tire for repair. Sams does not seek to hold Paul liable for *354 his use of a motor vehicle, but only for negligently allowing his father to transport a tire.
Negligent entrustment, by its very definition, will always connect an insured to the motor vehicle in question.[7] The insured in these negligent entrustment cases always owned, controlled, or employed the motor vehicle that caused the harm. If the insured did not have one of these relationships to the vehicle, there could be no claim of negligent entrustment. Transposing the legal conclusions from these cases onto a case involving negligent supervision or delegation under § 302A of the Restatement (Second) of Torts is plainly incorrect. The opinion goes as far as to acknowledge that “there is no allegation of negligent entrustment, nor could there be, since Walter was driving his own truck at the time of the accident.” Majority Op. at Part III. The majority, in spite of this acknowledgment, nevertheless relies heavily on the reasoning in these factually distinguishable cases.
The majority further relies on Exclusions 1(c) and l(j) to support its conclusion that Exclusion 1(f) is not ambiguous. The opinion asserts that the language in these exclusions demonstrates that “Countryway knew how to limit an exclusion to the actions of the insured when it intended to do so,” but chose not to include such language in Exclusion 1(f). Majority Op. at Part III. I find this reasoning unconvincing. Exclusion 1(c) excludes coverage for “bodily injury ... which results from the ownership, operation, maintenance, [or] use ... of motorized vehicles ... owned or operated by or rented to or loaned to an insured.” The majority emphasizes that this exclusion includes the “owned or operated” language and that Exclusion 1(f) does not. Exclusion 1(c) is, in fact, designed specifically to address claims of negligent entrustment against the insured. Negligent entrustment requires control over another person or item. Thus, the very definition of negligent entrustment dictates that the “owned or operated” language in this clause is required to give it effect. If Countryway wished to exclude coverage for negligent entrustment, it had no choice but to include the “owned or operated” language. This is no indication that Countryway made a conscious decision not to limit Exclusion 1(f) to apply only to the insured’s use of a motor vehicle. Further, Exclusion l(j) applies to “bodily injury ... which is expected by, directed by, or intended by the insured; or that is the result of intentional and malicious acts of the insured.” The majority emphasizes that this exclusion contains “by the insured” as limiting language. I find this not to be language of limitation but, rather, language of identification. I am unconvinced that either of the above mentioned exclusions are indicative of Coun-tryway choosing not to limit Exclusion 1(f) only to the actions of the insured.
In sum, Exclusion 1(f) can be interpreted in two reasonable ways. First, the exclusion can be read to disclaim coverage any time a motor vehicle is involved in causing liability to be imposed on the insured, regardless of the insured’s use of or control over the vehicle. Second, the exclusion can be read to apply only when the insured is the person “using” the motor vehicle, either through physical use, ownership, or control over the user of the vehicle. As such, Exclusion 1(f) is ambiguous and the ambiguity of the Exclusion *355 should be construed against the insurer and in favor of the insured, thereby providing coverage. For this reason, I would affirm the order of the District Court granting summary judgment for the Slau-genhoups and Sams on Countryway’s Declaratory Judgement action.

. Restatement (Second) of Torts § 308 provides: "It is negligent to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should have known that such person intends or is likely to use the thing or conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others."